**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

YORGELIS LUISMARY PENA GIMENEZ,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

Case No. 5:26-cv-04640-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

Petitioner Yorgelis Luismary Pena Gimenez filed her Petition for Writ of Habeas Corpus ("Petition") on August 14, 2026. (Dkt. 1.) For the reasons that follow, the Petition is granted.

## II. FACUTAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Venezuela. (Dkt. 1 at 3.) Petitioner entered the United States at or near Del Rio, Texas, on or about May 1, 2022, and presented herself to immigration authorities. (*Id.*) Immigration authorities inspected and granted Petitioner parole into the United States. (*Id.* at 3-4.) Since then, Petitioner has resided at the same address in Los Angeles, California. (*Id.* at 4.) Petitioner has had valid employment authorization since 2023. (*Id.*) Within one year of Petitioner's arrival, Petitioner filed Form I-589 Application for Asylum, Withholding of Removal, and

Protection Under the Convention Against Torture, based on fear of persecution in Venezuela on account of Petitioner's political opinion. (*Id.*) Petitioner's application remains pending. (*Id.*) Petitioner has no criminal history; she has never been arrested, charged, or convicted of any offense in the United States. (*Id.*) Petitioner has appeared, as required, for check-in appointments with immigration authorities. (*Id.*) Petitioner's parole lapsed on July 1, 2022. (*Id*. at 7.) Immigration authorities re-detained Petitioner on July 29, 2026, nearly four years after she entered the United States and at a scheduled ICE check-in appointment. (*Id.*)

Petitioner is currently detained at the Adelanto ICE Processing Center in Adelanto, California. (Dkt. 1 at 2.)

On August 14, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings one claim for relief. (*Id*. at 17-21.) Petitioner argues that her detention violates due process and asks for immediate release. (*Id.*)

On September 8, 2026, the Court issued a text only entry. (Dkt. 9.) The Court noted that Respondents had not filed an answer to the petition. (*Id.*) The Court ordered Respondents to email the Court by the end of the following day if Respondents intended to file an answer. (*Id.*) The Court noted that if the Court did not receive a response from Respondents, the Court would assume Respondents were not going to file an answer, and the matter would be deemed submitted by September 10, 2026. (*Id.*) Subsequently, Respondents emailed the court. (Dkt. 10.) The Court requested that Respondents file Petitioner's Form I-213 no later than 24 hours from the entry of the order if Respondents were not going to file an answer. (*Id.*)

On September 11, 2026, Respondents filed Petitioner's I-213 report. (Dkt. 11.) The report states that on May 1, 2022, a Customs and Border Protection ("CBP") Patrol Agent encountered Petitioner in the Del Rio, Texas, border patrol sector. (Dkt. 11–1 at 2.) Petitioner admitted to the agent that Petitioner is a citizen and national of Venezuela and had entered the United States from Mexico on May 1, 2022. (*Id.*) Petitioner gave the agent the address of where Petitioner intended to reside in Los Angeles, California.

(*Id.*) CBP released Petitioner and advised Petitioner to report to the nearest ICE office within 60 days of arriving at Petitioner's designation address. (*Id.*) On June 29, 2026, Petitioner reported to the ICE office in Los Angeles, California. (*Id.*) The report states that Petitioner acknowledged that she does not have authorization to enter or remain in the United States. (*Id.*) The report also indicates that Petitioner's application for Asylum and Withholding of Removal remains pending. (*Id.* at 3.) The report plainly states that Petitioner does not have any prior criminal history. (*Id.*)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 21.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their

position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California plainly states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' failure to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as

prior to Petitioner's re-detention.

**V.**

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Yorgelis Luismary Pena Gimenez (A# 240-726-075) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge